COPY

DIANA ZALESKI
2005 JUL 21 PM 3:48
SUMMIT COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| THE CARTER-JONES LUMBER CO. | CASE NO. CV-2003-11-6907 |
| Plaintiff | JUDGE SHAPIRO |
| vs. | |
| KBK CARPENTRY, INC., et al. | STIPULATED FINAL JUDGMENT ENTRY |
| Defendants/Third-Party Plaintiffs | |
| vs. | |
| JAMES R. BURNS | |
| Third-Party Defendant | |

The captioned action was originated by The Carter-Jones Lumber Co. ("Carter-Jones") in the Akron Municipal Court as Case No. 3-CV-03328, which was transferred to this Court as Case No. CV-2003-11-6907 upon the filing by KBK Carpentry, Inc. ("KBK") and Kenneth Kreitzburg ("Kreitzburg") of their Third-Party Complaint against James R. Burns ("Burns"). Upon the filing by Kreitzburg of his Counterclaim against Burns in Cuyahoga Falls Municipal Court Case No. 3-E-3375 ("Counterclaim"), such case was transferred to this Court as Case No. CV-2004-01-0473 and then consolidated into Case No. CV-2003-11-6907 by Order entered herein on March 17, 2004. On February 5, 2004, Carter-Jones filed an Order of Dismissal of all of its claims in this action, leaving Burns, KBK and Kreitzburg as the only remaining parties.

The Court having been apprised that Burns, KBK and Kreitzburg have stipulated to the entry of this final judgment, as evidenced by their signatures and the signatures of their counsel hereon, it is hereby stipulated, adjudged and decreed that (A) judgment be and hereby is entered in favor of

COPY

Kreitzburg and against Burns, on Count One of Kreitzburg's Counterclaim in the sum of Thirty Five Thousand Dollars ($35,000.00), plus interest thereon at the rate of ten percent (10%) per annum from and after the date of this Judgment Entry; and (B) all other claims filed in this consolidated action by Burns, KBK and Kreitzburg are dismissed with prejudice.

It is the further judgment of this Court, based on the evidence and the stipulation and agreement of the parties, that the full amount of the Judgment hereinabove entered against Burns and in favor of Kreitzburg ("Judgment") is a debt which meets all of the requirements of and is therefore non-dischargable under and pursuant to 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(6).

Finally, it is further stipulated, adjudged and decreed: (A) if Burns timely pays Kreitzburg the sum of Twenty Seven Thousand Five Hundred Dollars ($27,500.00), without interest calculated thereon ("Compromise Amount"), as follows: One Thousand Dollars ($1,000.00) on or before August 5, 2005, followed by fifty-nine (59) payments of Three Hundred Dollars ($300.00) to be made on or before the 5th day of each of the months of September, 2005 through July, 2010, and payment in full of the Eight Thousand Eight Hundred Dollars ($8,800.00) balance on or before August 5, 2010, then Kreitzburg shall take no further action to collect the balance of the Judgment hereinabove entered and shall deliver a Satisfaction of Judgment; (B) Burns' payments shall be considered timely only if made in good funds not later than noon on the tenth (10th) day after the due date therefore and at Kreitzburg's attorney's then current office address, as evidenced by proof of mailing issued by the U.S. Postal Service and dated at least three days prior to the tenth (10th) day after the due date, or by overnight delivery receipt or by receipt issued by Kreitzburg or his attorney, failing which Burns shall have defaulted hereunder; (C) other than the filing of certificate(s) of judgment, no execution shall issue on the Judgment hereinabove granted, so long as Burns shall not have defaulted hereunder;

COPY

(D) if Burns shall default hereunder, as above described, then Kreitzburg shall be entitled to at any time then or thereafter execute on and collect the unpaid portion of the Compromise Amount, together with interest calculated thereon at ten percent (10%) per annum; and (E) if Burns shall be in default of payment for four (4) or more consecutive months, then Kreitzburg shall be entitled to at any time then or thereafter execute on and collect the full amount of the balance of the Judgment entered hereby against Burns, less payments made pursuant hereto. Notice of the filing hereof is waived by the undersigned counsel on behalf of their respective clients.

    IT IS SO STIPULATED, ORDERED, ADJUDGED AND DECREED as of the 20th day of July, 2005.

_____
JUDGE SHAPIRO

This Order approved by:

_____
Joseph E. Oliver, Esq.
JOSEPH E. OLIVER, CO.
230 White Pond Drive, Suite A
Akron, Ohio 44313
Telephone: (330) 869-9944
Facsimile: (330) 869-0651
Email: jeoco2@aol.com
Attorney for Defendants/Third-Party Plaintiffs

_____
Kenneth Kreitzburg, personally and as president of KBK Carpentry, Inc.

_____
Eugene G. Godward, Esq.
135 Portage Trail
P.O. Box 374
Cuyahoga Falls, Ohio 44222-0374
Attorney for Third-Party Defendant

_____
James Burns

3

COPY

16-05022-amk    Doc 1-2    FILED 03/15/16    ENTERED 03/15/16 11:58:11    Page 3 of 3